GEORGE F. HARDING

v.

HENRY H. FULLER.

SAME

v.

JOHN B. SKINNER.

*Practice—Interlocutory Orders.*

1. No appeal lies from an interlocutory order permitting an amendment.

2. A petition under the Burnt Record Act may be maintained for the restoration of the record of one deed. The petitioner's chain of title need not necessarily be set forth, nor is it necessary that there should be any defendant to such petition, and defendants named need not be hostile to petitioner.

3. For the purpose of preserving the *res* intact, a court may, by preliminary injunction, restrain interference therewith.

[Opinion filed June 2, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Mr. WILLIAM J. AMMEN, for appellant.

Mr. A. M. PENCE, for appellees.

*Per Curiam.* The statute under which the petitions in these cases were filed, commonly known as the "Burnt Record Act," does not require that the petitioner's chain of title shall be set forth, or that all of the records concerning such title that have been destroyed shall be restored. A petition may be maintained for the restoration of the record of one deed. Nor is it necessary to the maintenance of such a petition that there shall be any defendant thereto; the facts may be such that properly no person could be made a defendant, and if defendants are named, they need not necessarily be actually hostile to the petitioner.

The facts existing, justifying the filing of such petition, the court is vested with power to determine and decree in whom the title to the lands named, of which the record of title has been destroyed, is vested; and being thus authorized a court of chancery, which delights to do complete justice and not by halves, will go on and do what to right and equity appertain in the premises.

For the purpose of preserving the *res* intact, the court may by preliminary injunction restrain interference therewith, as has been done in these cases.

That the building of houses or fences on the lands in controversy might not greatly damage the same, this court can not assume.

When the trial of the case is had, the court will render only such decree as, under the circumstances then made to appear, it ought. Its injunction has been issued that there may then be nothing in the way to prevent its doing complete justice.

Had an appeal actually been perfected before the new affidavit to the bill was filed, the new affidavit would not now be considered; but as the case stands the injunction is based upon a bill properly verified.

No appeal lies from an interlocutory order permitting an amendment. The orders granting the injunction are affirmed.

*Orders affirmed.*